UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

GEORGE W. CONWAY
and ELLEN CONWAY,

Debtors.

Case Number: 24-10126-7

---

### DECISION DENYING SETTLEMENT AGREEMENT

Debtors George and Ellen Conway (together, "Debtors") move to approve a Settlement Agreement with creditor and adversary plaintiff Greenwich Business Capital, LLC ("Greenwich"). The Settlement Agreement provides, in part, that the Debtors will convert their Chapter 7 case to a case under Chapter 13 and will treat Greenwich as a secured creditor. But since the Court has issued a decision determining that Greenwich is unsecured, the settlement cannot be approved. Thus, the Court denies the motion to approve the settlement.

#### FACTS[1]

Greenwich obtained a default judgment against Debtors in Rhode Island State Court in July 2023. Greenwich filed a UCC Financing Statement with the Dane County Register of Deeds, apparently assuming that the filing granted it a lien on Debtors' real property. They were wrong. The only statutory procedure

---

[1] The facts in this decision will be a summary of the case. For a thorough history of the parties' history and prepetition litigation, see the Court's Decision on Plaintiff's Motion for Summary Judgment in *Hart v. Greenwich Business Capital, LLC*, Adv. Proc. No. 24-34, ECF No. 41.

for obtaining a judgment lien in Wisconsin requires filing a copy of the judgment on the county circuit court's judgment and lien docket.

Debtors sold the property in September 2023. Thus, Greenwich did not have a judgment lien when the property was sold. But the uncertainty created by Greenwich's UCC filing caused the Debtors to enter into an indemnity agreement with the title company, Commonwealth Land Title Insurance Company ("Commonwealth"). Commonwealth retained the proceeds pursuant to the terms of an indemnity agreement. The agreement provides that "after the [UCC filing] has been paid, discharged, satisfied or removed by Commonwealth, and Commonwealth shall have reimbursed itself for all losses, damages or disbursements, and after any appeal period shall have elapsed, such surplus Funds and/or Additional Funds, after deducting the costs, expenses, fees for services and attorneys' fees, if any, incurred by Commonwealth, shall on demand be paid or delivered to the [Debtors]."

Greenwich later tried to remedy its failure to obtain a judgment lien by filing a foreign judgment case with the Dane County Circuit Court in November 2023. It did so well after the sale and within the 90-day preference period. Greenwich then filed several lawsuits against the Debtors and other parties in Rhode Island and Wisconsin state court. Those suits also sought recovery based on the invalid UCC Financing Statement.

Debtors filed a voluntary Chapter 7 petition on January 24, 2024. Attorney Brian Hart was appointed as the Chapter 7 Trustee. Both Trustee Hart and Greenwich filed objections to the Debtors' claimed exemptions,

specifically relating to proceeds from the sale of the property. Greenwich filed a secured claim in the Debtors' main bankruptcy case in the amount of $282,207.14. Greenwich also filed an adversary proceeding against Debtors, Adv. Proc. No. 24-25, objecting to Debtors' discharge based on fraud under Code section 523(a)(2).

Greenwich moved for a Rule 2004 Examination of the Debtors in May 2024. The Court denied Greenwich's motion but allowed Greenwich to conduct ordinary discovery in the scope of its adversary proceeding. Greenwich initially coordinated its discovery efforts with Trustee Hart. While the Debtors were fighting the two objections to exemptions and Greenwich's adversary proceeding, they were simultaneously negotiating a settlement with Greenwich. Those negotiations resulted in the Settlement Agreement and the motion to approve the settlement before the Court today.[2]

The settlement provides the Debtors will pay Greenwich $75,000 from the sale proceeds as a global resolution of "all issues made between the parties regarding the various pieces of litigation in Wisconsin, Rhode Island and Federal Bankruptcy Court."[3] The agreement provides that the remainder of the proceeds will remit to the Debtors. It also provides that the Debtors will convert their Chapter 7 case to Chapter 13, the Chapter 13 plan will include the $75,000 payment to Greenwich, and the Debtors will not dispute Greenwich's

---

[2] ECF No. 149-1. The Settlement Agreement attached to the motion to approve is unsigned.

[3] *Id.*, p. 2.

secured status.[4] Effectively the purpose of the settlement is to buy the Debtors peace in the nondischargeability suit at the expense of the estate. Finally, the agreement states that if either the motion to convert the case or the motion to approve the settlement are not approved, the agreement is null and void.

In line with the agreement, the Debtors moved to convert their case to Chapter 13.[5] Both Trustee Hart and the United States Trustee objected.

Meanwhile, Trustee Hart filed an adversary proceeding against Greenwich. He sought to avoid their alleged lien as invalid, or alternatively to determine that any interest Greenwich may have gained in the November 2023 foreign judgment case would be an avoidable preference. Trustee Hart moved for summary judgment, and the Court agreed on both grounds. In its order granting the Trustee's motion, the Court ordered that Greenwich holds no valid or perfected security interest or lien and that it is a general unsecured creditor in Debtors' bankruptcy case.[6]

## DISCUSSION

Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a

---

[4] *Id.* In one instance, the agreement states the $75,000 shall be paid "in full satisfaction of Greenwich's claim in the bankruptcy proceeding in the amount of $282,207.14," and that Greenwich shall be entitled to no further distribution from the Debtors or the future Chapter 13 plan. But the agreement also states that Debtors will not dispute Greenwich's claim as secured. It's unclear how the $75,000 will fully satisfy Greenwich's claim if the Debtors allow Greenwich's entire $282,207.14 claim to be classified as secured in the Chapter 13 plan.

[5] ECF No. 144.

[6] Adv. Proc. No. 24-34, ECF No. 42.

4

compromise or settlement." The Rule authorizes either a trustee or a debtor-in-possession to seek approval of a settlement. *See* Fed. R. Bankr. P. 9001(11); 11 U.S.C. § 1107. In conducting a hearing under Rule 9019(a), "the bankruptcy court is to determine whether the proposed compromise is fair and equitable, and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) (internal citations omitted). In making this determination, a bankruptcy judge is required to "compare the settlement's terms with the litigation's probable costs and benefits, and examine the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience and delay." *In re Quay Corp.*, 372 B.R. 378, 382 (Bankr. N.D. Ill. 2007).

Here, it's neither the trustee nor a Chapter 11 debtor-in-possession that's seeking approval of a settlement. Indeed, the Debtors are seeking approval of a settlement with Greenwich (a general unsecured creditor) and proposing to use estate property to do so.[7] The settlement is not a settlement of the claim of Greenwich that it holds a secured claim, a settlement of the dispute with the Trustee regarding secured status or entitlement to sale proceeds, or of the allowed amount of the Greenwich general unsecured claim. Rather, it is a settlement by Debtors seeking to use property of the estate to resolve a claim that a debt is nondischargeable.

---

[7] The Court outlined the estate's interest in the sale proceeds in its Memorandum Decision on Trustee Hart's Motion to Enforce the Automatic Stay and for a Preliminary Injunction. *See* Adv. Proc. No. 24-34, ECF No. 24.

In some cases, courts have allowed parties other than a trustee or Chapter 11 debtor in possession to seek approval of settlements under Fed. R. Bankr. P. 9019. In *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co.*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999), the Ninth Circuit Bankruptcy Appellate Panel held that two elements must be met for entities other than a trustee or debtor in possession to pursue a settlement under Rule 9019. First, "sufficient cause" must be present. This includes circumstances when settlement is in the common interests of creditors, or when a trustee has failed to fulfill his duty to maximize return to an estate. Second, the entity's interest in settling the claim must be consistent with maximizing the estate for all creditors. *See id.*

Even if this Court were to adopt the Ninth Circuit's analysis of when an entity other than a trustee or debtor in possession could seek approval of a settlement under Rule 9019(a), the Court would deny Debtors' standing. Foremost, the Debtors' only and scant argument in support of the motion is that the settlement will halt expensive litigation. But costs stemming from state court litigation which doesn't involve the Trustee certainly won't be paid by the estate. Further, costs and fees incurred by Debtors in defending a claim of nondischargeability will not be paid from nonexempt property of the estate. The Debtors are responsible for their own attorney's fees and costs in defending the claim of exemptions, any defense in the adversary proceeding filed by Greenwich, or in any of the state court actions.

None of the alleged costs of "expensive litigation" justify handing over $75,000 of estate property to a general unsecured creditor. Moreover, paying

such an amount to Greenwich would severely prejudice other creditors who have filed claims in the Debtors' case. For example, the Small Business Administration also filed a claim here totaling $456,217.35, Claim No. 13. In addition, there are 41 other claims on file in a total amount of about $1.8 million.

So not only do the Debtors lack standing under Rule 9019(a) to seek approval of the settlement, but they're trying to settle using estate property solely for their own benefit and to the detriment of creditors. Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 11 U.S.C. § 541(a)(1). Property of the estate is "broad and all encompassing." "It includes all kinds of property, tangible and intangible, causes of action, and all other forms of property." 5 COLLIER ON BANKRUPTCY ¶ 541.03 (16th ed. 2024). The sale proceeds held by Commonwealth are estate property. The Debtors have no right to use the proceeds to appease a litigious but otherwise general unsecured creditor.

Finally, the settlement provides that Greenwich will be classified as a secured creditor. That is not the Debtors' decision to make. That decision is solely within the province of this Court and this Court has ruled that Greenwich is a general unsecured creditor of the estate. The Debtors cannot override the Court's ruling to the detriment of other creditors.

## CONCLUSION

The Court DENIES Debtors' Motion to Approve Settlement Agreement.

7

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: January 22, 2025

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge